OPINION
Plaintiff-appellant the State of Ohio appeals the January 29, 2002 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, granting defendant-appellee James R. Williams, Jr.'s Motion for Judicial Release and placing appellee on community control.
 STATEMENT OF THE FACTS AND CASE
On June 11, 1998, the Tuscarawas County Grand Jury indicted appellee in Tuscarawas County Court of Common Pleas Case No. 1998CR060112, on one count kidnaping, in violation of R.C. 2905.01, and one count theft, in violation of R.C. 2913.02. On April 21, 1999, appellee appeared before the trial court with counsel and withdrew his former pleas of not guilty and entered pleas of no contest to the charges contained in the indictment. After the trial court found appellee guilty of the charges, the trial court ordered a pre-sentence investigation and scheduled a sentencing hearing for July 6, 1999. Appellee failed to appear at the sentencing hearing, and the trial court issued a capias for his arrest. Appellee was subsequently arrested and conveyed from West Virginia to the Tuscarawas County Jail. Appellee appeared before the trial court on August 24, 1999, for sentencing. The trial court sentenced appellant to a term of imprisonment of four years on the kidnaping count, and a period of twelve months on the theft count. The trial court ordered the sentences be served consecutively. The trial court further ordered appellee to serve a five year period of non-reducible post-release control upon his release from prison.
Subsequently, on December 8, 1999, the Tuscarawas County Grand Jury indicted appellee in Tuscarawas County Court of Common Pleas Case No. 1999CR120232, on one count of failure to appear, in violation of R.C.2937.29 and 2937.99. Appellee entered a plea of not guilty to the indictment at his arraignment on January 5, 2000. On April 10, 2000, appellee appeared with counsel before the trial court and withdrew his former plea of not guilty and entered a plea of no contest. After finding appellee guilty, the trial court sentenced him to a term of imprisonment of one year, with six months of the term to be served concurrently with appellee's prison term in Case No. 1998CR060112, and the remaining six months of the term be served consecutively to the prison term in Case No. 1998CR060112.
On June 20, 2001, appellee filed a Motion for Judicial Release pursuant to R.C. 2929.20 in both cases. The trial court provisionally granted appellee's motion, but scheduled the matter for hearing on January 24, 2002. The State opposed appellee's motion, asserting appellee was not qualified for judicial release until he served four years of his term pursuant to R.C. 2929.20(B)(3). Via Judgment Entry filed January 29, 2002, the trial court granted appellee's request for judicial release and suspended the balance of appellee's prison terms imposed in Case Nos. 1998CR060112 and 1999CR120232. The trial court further ordered appellee to complete a five year period of supervised community control sanctions.
It is from this judgment entry the State appeals, raising the following assignments of error:
 "I. THE TRIAL COURT ERRED IN CONSIDERING, AND GRANTING, A MOTION FOR JUDICIAL RELEASE WHERE THE STATED PRISON TERM IS FIVE YEARS AND THE DEFENDANT HAS SERVED LESS THAN FOUR YEARS OF THE TERM.
 "II. THE TRIAL COURT ERRED IN GRANTING JUDICIAL RELEASE WHERE THE COURT FAILS TO MAKE THE FINDINGS REQUIRED BY R.C. 2929.20(H)."
 I
In its first assignment of error, the State maintains the trial court erred in considering and granting appellee's motion for judicial release as appellee had not served the requisite prison term.
R.C. 2929.20, which governs judicial release, provides:
 "(B) Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. The court shall not reduce the stated prison term of an offender who is not an eligible offender. An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time: * * * (3) If the stated prison term is five years, the eligible offender may file the motion after the eligible offender has served four years of the stated prison term.
 "(C) Upon receipt of a timely motion for judicial release filed by an eligible offender under division (B) of this section or upon the sentencing court's own motion made within the appropriate time period specified in that division, the court may schedule a hearing on the motion. The court may deny the motion without a hearing but shall not grant the motion without a hearing. If a court denies a motion without a hearing, the court may consider a subsequent judicial release for that eligible offender on its own motion or a subsequent motion filed by that eligible offender. If a court denies a motion after a hearing, the court shall not consider a subsequent motion for that eligible offender. The court shall hold only one hearing for any eligible offender."
R.C. 2929.01 (GG) defines "stated prison term" as follows: "the prison term, mandatory prison term, or combination of all prison terms and mandatory prison terms imposed by the sentencing court pursuant to section 2929.14 or 2971.03 of the Revised Code. `Stated prison term' includes any credit received by the offender for time spent in jail awaiting trial, sentencing, or transfer to prison for the offense and any time spent under house arrest or electronically monitored house arrest imposed after earning credits pursuant to section 2967.193 of the Revised Code."
Herein, appellee's "stated prison term" for both cases was five and one-half years. Accordingly, pursuant to R.C. 2929.20, appellee could not file his motion for judicial release until approximately August, 2003, after he had served the requisite prison time. We find the trial court erred in considering and granting appellee's motion.
The State's first assignment of error is sustained.
 II
In light of our disposition of the State's first assignment of error, we find the State's second assignment of error to be moot.
The judgment of the Tuscarawas County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this opinion and the law.
HOFFMAN, P.J., GWIN, J., and EDWARDS, J., concur.